IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LIZA BUTLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   No. 08-cv-597-TLW |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Liza Butler, brought this action pursuant to 42 U.S.C. § 405(g), for judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for disability income benefits under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3).  In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before the undersigned United States Magistrate Judge.  [Dkt. # 14].  Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.

**Plaintiff's Background**

Plaintiff was born August 6, 1956 [R. 49] and was 51 years old at the time of the Administrative Law Judge's ("ALJ") final decision on September 8, 2008.[1]  [R. 7-8].  Plaintiff

---

[1] Plaintiff protectively filed for disability income and supplemental security income benefits on November 5, 2004.  These claims were initially denied on March 29, 2005.  [R. 258].  A hearing before ALJ Richard Kallsnick was held on May 12, 2006, the ALJ issued a decision on June 23, 2006 in which he found plaintiff not disabled at step five.  [R. 258].  Plaintiff requested review; the Appeals Council granted the request, vacated the hearing decision and remanded the case. [R. 276].  After another hearing on March 25, 2008, the ALJ, by decision dated April 11, 2008, again ruled against plaintiff.  [R. 16-27].  The Appeals Council denied plaintiff's request for

has a high school diploma and states she completed one year of college. [R. 183, 218]. Plaintiff's prior relevant work included employment as a supermarket cashier, clerical worker, and data entry clerk. [R. 62, 382]. Plaintiff told the ALJ at the hearing she could no longer work because she couldn't function, resulting in absenteeism, which she attributed to depression. [R. 350, 352].

In assessing plaintiff's disability claim, the ALJ determined at step one of the five step sequential process that plaintiff had not been engaged in substantial gainful activity since May 1, 2003. [R. 22]. At step two, the ALJ found plaintiff to have the severe impairments of hypertension, status post left breast lumpectomy, anxiety disorder, depression and history of substance abuse. [R. 22].

The ALJ discussed that plaintiff's hypertension was under control with medication and also that she had been in remission since 1995 with regard to her lumpectomy and corresponding treatment (citing exhibits 13F and 14F). [R. 22]. The ALJ also noted that psychological testing had been performed on February 9, 2007 which revealed mild anxiety and depression with the plaintiff's Axis V GAF score being 70 (citing exhibit 14F). [R. 22].

At step three, the ALJ determined plaintiff's impairments did not meet the requirements of any Listing, giving specific emphasis to Listing 1.02, major dysfunction of joint(s), and 14.02, systemic lupus erythematosus.[2] The ALJ also considered plaintiff's mental impairments and determined that they did not meet or medically equal the criteria of listings 12.04, affective disorders, 12.06, Anxiety related disorders, or 12.09, Substance addiction disorders, including both the "paragraph B" and "paragraph C" criteria. [R. 22-23].

---

review on September 8, 2008. [R. 7-10]. Thus the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981, 416.1481.
[2] Plaintiff has not raised the listing as an issue on appeal.

Before considering step four of the sequential evaluation process, the ALJ found plaintiff had the residual functional capacity ("RFC") to perform a range of medium work as defined in 20 CFR 404.1567(c) and 416.967(c) with nonexertional limitations as follows:

> She is able to perform simple, unskilled work, can relate to co-workers and supervisors for work related purposes, can adapt to work situations, and minimal contact with the general public.

[R. 23].

At step four, the ALJ determined that plaintiff does not have the residual functional capacity to perform the requirements of any past relevant work. See 20 C.F.R. §§ 404.1565, 416.965.

At step five, the ALJ considered plaintiff's age, education, work experience, and RFC and found there are jobs that exist in significant numbers in the national economy that plaintiff could perform. See 20 C.F.R. §§ 404.1560(c), 404.1566, 416.960(c), and 416.966. [R. 26].

The ALJ discussed the testimony given by the vocational expert that jobs existed in the national economy for an individual with plaintiff's age, work experience, education, and RFC such as industrial cleaner and poultry cleaner, both described as medium, unskilled work; housekeeping cleaner and bakery racker, both described as light, unskilled work; and fishing reel assembler, described as sedentary, unskilled work. [R. 27].

The ALJ concluded that plaintiff was not disabled under the Act from May 1, 2003, through the date of the decision. [R. 27].

## Issues

The plaintiff argues that the ALJ erred in two ways:

(1) He failed to discuss and analyze the relevant medical evidence.[3]  [Dkt. # 21 at 7].

(2) He failed to use the correct legal standard in his credibility analysis.  [Dkt. # 21 at 12].

## Review

When applying for disability benefits, a plaintiff bears the initial burden of proving that he or she is disabled.  42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(a) and 416.912(a).  "Disabled" under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A plaintiff is disabled under the Act only if his or her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy."  42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim.  20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988) (setting forth the five steps in detail).  "If a determination can be made at any of the

---

[3] Plaintiff failed to clearly set out which of the ALJ's findings are at issue, beyond the ALJ's finding that plaintiff is not disabled, which occurred at step five.  However, plaintiff made no argument regarding the legal standards employed by the ALJ at step five.  Furthermore, plaintiff made no arguments regarding the ALJ's determination at step three (standards for identifying whether or not a claimant meets or equals a listing) or the ALJ's RFC determination.  Thus, any objection as to the ALJ's step three or five findings have been waived.  See Wall v. Astrue, 561 F.3d 1048, 1067 (10th Cir. 2009) (district court need not consider undeveloped arguments).

steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." Williams, 844 F.2d at 750.

The role of the court in reviewing a decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). The Court's review is based on the record, and the Court will "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." Id. Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. "Evidence is unsubstantial if it is overwhelmingly contradicted by other evidence." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). The Court is to consider whether the ALJ followed the "specific rules of law that must be followed in weighing particular types of evidence in disability cases," but the court will not reweigh the evidence or substitute its judgment for that of the ALJ. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

## Discussion

**The ALJ's Analysis and Discussion of Medical Evidence**

The Plaintiff asserts that "the evidence in the record shows that she suffers from significant mental limitations that severely restrict her ability to work." [Dkt. # 21 at 9]. This issue is not in controversy. The decision, including the evidence the ALJ relied upon to make

the finding of "not disabled" at step five, confirms that plaintiff's limitations do, in fact, severely *restrict* her ability to work. However, plaintiff's limitations do not *preclude* her from working, as determined by applicable law. Nowhere does plaintiff address this issue.[4]

Plaintiff's broad argument that the ALJ erred by failing to discuss and analyze the relevant medical evidence relies primarily on the assertion that the adoption of the findings of the consultative examiner, Dr. Minor Gordon, was error and that the ALJ ignored pertinent evidence in the record from her treatment at Grand Lake Mental Health Center. Plaintiff additionally argues that there was no discussion of other substantial evidence in the record and no comparative analysis and, therefore, a failure of the ALJ "to specifically weigh the evidence so a reviewing court can adequately assess whether substantial evidence supports the ALJ's decision." See Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996). Plaintiff also cites Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 1996), which states that an ALJ is not allowed to rely on evidence that supports his position while ignoring evidence that supports a plaintiff's claim. 362 F.3d 676, 681 (10th Cir. 2004). These arguments, however, hinge on plaintiff's underlying assumption that the ALJ rejected or unfavorably weighed medical evidence from Grand Lake Mental Health Center. Notwithstanding plaintiff's arguments, as explained below, the ALJ did not reject or unfavorably weigh evidence from this facility.

The ALJ's finding that plaintiff has the severe and medically determinable impairments of hypertension, status post left breast lumpectomy, anxiety disorder, depression and history of substance abuse and that they could reasonably produce the alleged symptoms is not contrary to the medical evidence as reflected in the records of the Grand Lake Mental Health Center,

---

[4] Neither does plaintiff argue that the ALJ's determination of plaintiff's RFC was incorrect. In fact, "RFC" and "Residual Function Capacity" are not even mentioned in the argument portion of the plaintiff's brief.

6

including the records of the plaintiff's treating physician. Although the ALJ's discussion is limited, his findings conform to the medical diagnosis that is reflected in these records. Moreover, the medical personnel from Grand Lake Mental Health Center failed to cite any limitations that the ALJ could consider in his RFC analysis. [R. 206-231, 283-295]. "When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened." Howard v. Barnhart, 379 F.3d 945, 947 (10th Cir. 2004). Thus, because the ALJ did not reject the medical evidence from Grand Lake Mental Health Center and did not treat the evidence unfavorably, the ALJ's limited analysis was not inappropriate. See Lauxman v. Astrue, No. 08-6177, 2009 WL 997401, **1 (10th Cir. Apr. 15, 2009).

According to 20 C.F.R. §§ 404.1527 and 416.927, if the evidence is consistent but there is not sufficient evidence to decide whether a claimant is disabled, or if after weighing the evidence a conclusion about whether a claimant is disabled cannot be reached, the ALJ will try to obtain additional evidence. In this case, the ALJ complied with the regulation by ordering a consultative examination, which was performed by Dr. Gordon. Dr. Gordon's assessment identified limitations that only affected plaintiff's ability to perform basic work functions minimally.[5] Dr. Gordon also opined that plaintiff "should be able to perform some type of routine and repetitive task on a regular basis." [R. 321].

As to Dr. John Mallgren, plaintiff's treating physician at Grand Lake Mental Health Center, without citing any limitations on plaintiff's ability to work, he merely offered the conclusory opinion that she qualifies for social security disability. [R. 227]. Yet, Dr. Mallgren's treatment records, aside from establishing that Dr. Mallgren managed plaintiff's prescription

---

[5] "No significant limitation" was the most severe impairment checked on the assessment form. [R. 323-326].

medication, provide no basis whatsoever for this conclusion. As a disability determination is ultimately a legal conclusion,[6] a treating physician's opinion that a claimant is disabled is not dispositive. The "final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." Kellogg v. Barnhart, 33 Fed.Appx. 459 (10th Cir. 2002) (citing Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994)).

The Tenth Circuit has held that a treating physician's opinion must be given substantial weight "unless good cause is shown to the contrary." Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988) (citing Frey v. Bowen, 816 F.2d at 513). In fact, "a treating physician's report may be rejected if it is brief, conclusory and unsupported by medical evidence." Oldman v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007).[7] The only portion of Dr. Mallgren's report that the ALJ rejected was his bare legal conclusion that the plaintiff qualified for social security disability. The ALJ's action, in this respect, was not error.

As to Dr. Mallgren's medical opinions, although the ALJ did not provide a factor-by-factor analysis, his acceptance of Dr. Mallgren's diagnosis of severe depression, as is reflected in the ALJ's step two findings, that plaintiff's anxiety and depression constituted severe impairments, make it clear that Dr. Mallgren's diagnosis was given more weight than that of Dr. Gordon who diagnosed plaintiff with only mild anxiety and depression. [R. 22] "[T]he court will not require a specific factor-by-factor evaluation of the evidence and the opinions so long as

---

[6] "Opinions that you are disabled. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).

[7] Holding that, "[W]ell-supported medical evidence satisfies the requirement that the ALJ's decision be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. That the ALJ did not explicitly discuss all the § 404.1527(d) factors for each of the medical opinions before him does not prevent this court from according his decision meaning review." Id.

the 'ALJ's decision is specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Lierz v. Astrue, 2009 WL 1956477 (D. Kan) (unpublished) (citing Oldman, at 1258). It is clear that the ALJ only gave substantial[8] weight to Dr. Gordon's opinions when those opinions were not in conflict with the medical evidence of an acceptable treating medical source.

**Credibility**

The exaggeration of symptoms in order to obtain government benefits is not to be taken lightly, therefore an ALJ's credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990). In reviewing the ALJ's credibility determinations, the court will usually "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility." Casias v. Sec'y of Health & Human Serv., 933 F.2d 799, 801 (10th Cir. 1991). See also Diaz v. Sec'y of Health & Human Serv., 898 F.2d 774, 777 (10th Cir. 1990) ("Credibility determinations are peculiarly the province of the finder of fact.") However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988).

The Plaintiff alleges that the ALJ erred in his credibility analysis and states that "the objective medical findings show that Butler has ailments that could reasonably produce the restrictions she alleges." This issue is not in dispute. The ALJ acknowledged that plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms. [Dkt. # 17]. What is in dispute is the credibility of plaintiff's statements concerning the intensity, persistence, and limiting affects of the symptoms. The ALJ found that, "the

---

[8] The ALJ used the term "great weight". [R. 25].

claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment." [R. 24].

Although the ALJ must cite to specific evidence when discussing credibility, a formalistic factor-by-factor recitation of the evidence is not necessary. Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000); Kepler v. Chater, 68 F.3d 387, (10th Cir. 1995). See also White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002) (credibility evaluations need not be reduced to formulaic expressions but an "objectively reasonable explanation over mere intuition" is necessary).[9]  Here, the ALJ cited to the consultative exams, which included objective medical evidence.[10]

Dr. Gordon (the only doctor in the record to administer any psychological testing) opined that plaintiff's "manner and attitude were thought to reflect a problem with malingering." [R. 319]. Dr. Gordon's finding is consistent with the consultative evaluation performed by Dr. James Lowe M.D., who stated, "I am suspicious that there is a component of malingering in order for her to get public assistance so that she doesn't have to work or function." [R. 184]. Dr. Gordon in reaching his conclusions referenced the inconsistency regarding plaintiff's past illicit drug abuse. [R. 319]. Specifically, plaintiff's statement to Dr. Gordon that she had not used marijuana for five years was inconsistent with the record.[11]  Dr. Gordon's opinion, in

---

[9] "Objective" evidence is any evidence, whether physiological or psychological, that can be discovered and substantiated by external testing. Luna v. Bowen, 834 F.2d 161, 162. "Subjective" evidence, on the other hand, consists of statements by a claimant or other witnesses that can be evaluated only on the basis of credibility. Id.

[10] Psychological testing administered: Beck Depression Inventory, Beck Anxiety Inventory, and Minnesota Multiphasic Personality Inventory-II. [R. 320].

[11] Dr. Lowe reported that "she has used marijuana off and on," "was a heavy drinker years ago," and "has a history of crack cocaine addiction up until seven or eight months ago," putting her last use in the time period of the summer of 2004. [R. 183]. Healthcare for the Homeless preformed

combination with the ALJ's own observations during the hearing and the observations of Dr. Lowe, is more than enough to support the ALJ's credibility finding.  Finally, the other medical evidence in the record (such evidence includes all evidence supplied by mental health personnel that are not "acceptable sources" as defined by 20 C.F.R. §§ 404.1513(a) and 416.913(a)) relied on by plaintiff neither refutes, nor supports, her claims regarding lack of energy, low motivation, or difficulties with memory or concentration.

## Conclusion

For the above stated reasons, the Court finds that the ALJ's credibility determination is closely and affirmatively supported by substantial evidence in the record.  The Court further finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  Accordingly, the decision of the Commissioner finding the plaintiff not disabled is hereby AFFIRMED.

SO ORDERED this 31st day of March, 2010.

_____
T. Lane Wilson
United States Magistrate Judge

---

a psychosocial assessment of plaintiff reporting that her first onset of crack cocaine use was at 30 years old (1986) lasting through 1999, then further noted that her last use of crack cocaine was in January 2003. [R. 156].  Yet in October 2005 plaintiff's comprehensive assessment at Grand Lake Mental Health Center states "no history of alcohol" and "no history of any drugs."  [R. 218].